UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MICHAEL SHAWN MORGAN and
CHERYL SUE MORGAN,

No. 7-09-11942 JA

Debtors.

## ORDER GRANTING DEBTORS' MOTION TO VOID LIENS

THIS MATTER is before the Court on the Motion to Void Liens filed by the Debtors, Michael Shawn Morgan and Cheryl Sue Morgan, by and through their counsel, Puccini & Meagle, P.A. (Louis Puccini, Jr.). The Motion to Void Liens seeks to void judicial liens filed by Karen C. Macey, Choice Steel Company ("Choice Steel"), Atlantic Credit and Finance, Inc. ("Atlantic"), and New Mexico Educational Assistance Foundation ("NMEAF") against certain real property in which the Debtors claim an exemption. Karen C. Macey, Choice Steel, and NEAF each filed an objection to the Motion to Void Liens. *See* Docket No.28 (Karen C. Macey); Docket No. 31 (NMEAF); and Docket No. 33 (Choice Steel). The Court held a final hearing on the Motion to Void Liens and took the matter under advisement. Neither NMEAF nor Choice Steel appeared at the final hearing; consequently, the Court overrules those objections. After consideration of the evidence presented at the final hearing, and being otherwise sufficiently informed, the Court finds that the judicial liens may be avoided in their entirety in accordance with 11 U.S.C. § 522(f).

FACTS AND DISCUSSION

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 5, 2009. The Debtors listed two parcels of real property on Schedule A: 1) a primary residence located at 4460 Gordon Street, Los Lunas, New Mexico ("Lot 1"); and 2) a vacant parcel of land located adjacent to the primary residence ("Lot 2"). Lot 1 has a value of $150,000.00. Lot 2 has

a value of $30,000.00. Debtors claimed an exemption in Lot 1 in the amount of $20,150.00 under 11 U.S.C. § 522(d)(1).[1] Debtors claimed an exemption in Lot 2 in the amount of $20,442.28 under 11 U.S.C. § 522(d)(5).[2] No objections were timely filed to the Debtors' claimed exemptions; consequently, the exemptions are deemed allowed.[3]

Lot 1 is subject to a mortgage in the principal amount of $125,961.00. *See* Exhibit B. Lot 2 is subject to a real estate contract under which the Debtors are purchasers. *Id.* The Internal Revenue Service holds a lien against Michael Morgan in the amount of $142,602.51 ("IRS Tax Lien"). The IRS Tax Lien was recorded in the records of Valencia County, New Mexico on March 7, 2005 and encumbers Lot 1 and Lot 2. The State of New Mexico Taxation and Revenue Department holds a lien against Michael Morgan in the amount of $34,659.78 ("State Tax Lien"). The State Tax Lien was recorded in the records of Valencia County, New Mexico on March 30, 2007.

Lot1 and Lot 2 are also encumbered by the following judicial liens:

---

[1] That section provides, in relevant part:
   The following property may be exempted under subsection (b)(2) of this section:
      (1) The debtor's aggregate interest, not to exceed $20,200 in value, in real property . . . that the debtor or a dependent of the debtor uses as a residence[.]
   11 U.S.C. § 522(d)(1).

[2] That section provides, in relevant part:
   The following property may be exempted under subsection (b)(2) of this section:
      (5) The debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided in paragraph (1) of this subsection.
   11 U.S.C. § 522(d)(5).

Joint debtors may "stack" the exemption amounts provided under 11 U.S.C. § 522(d), so that each debtor is entitled to claim an exemption in the amounts provided under those subjections. *See, e.g., Jones v. Boyd,* 134 B.R. 431, 432 (D.N.M. 1991)(acknowledging that "[i]t is undisputed under the federal exemption joint debtors may stack their motor vehicle exemptions in a single automobile[ ]" and holding that debtors are likewise entitled to aggregate their exemption under the New Mexico exemption statute); *Black Brollier Bldg. Materials v. Truan (In re Truan),* 121 B.R. 9, 10 (Bankr.S.D.Tex. 1990) (finding that the homestead exemption provided in 11 U.S.C. § 522(d)(1) applies to each debtor in a joint proceeding, for a combined exemption of up to twice the amount provided under the exemption statute)

[3] *See* 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt."); *In re Snyder,* 215 B.R. 477, 478 (Bankr.W.D.Okla. 1997)("It is unquestioned that if no objection is made within the 30 days permitted by Rule 4003(b) whatever is listed by the debtors is deemed exempt, regardless of the character of the claimed property.")(citing *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)).

2

1. Transcript of Judgment held by Karen C. Macey in the amount of $10, 067.00 recorded in the records of Valencia County, New Mexico on March 21, 2005;

2. Transcript of Judgment held by Choice Steel in the amount of $6,318.49 recorded in the records of Valencia County, New Mexico on June 16, 2006;

3. Transcript of Judgment held by Atlantic Credit and Finance, Inc. in the amount of $2,321.00 recorded in the records of Valencia County, New Mexico on November 4, 2006;

4. Transcript of Judgment held by NMEAF in the amount of $7,487.80 recorded in the records of Valencia County, New Mexico on July 16, 2008; and

5. Transcript of Judgment held by NMEAF in the amount of $12,505.19 recorded in the records of Valencia County, New Mexico on September 10, 2008.

Based on the evidence presented at the final hearing, the Court finds that Karen C. Macey holds a valid claim against the Debtors.

In accordance with 11 U.S.C. § 522(f), a debtor is entitled to avoid the fixing of a judicial lien to the extent it impairs an exemption that the debtor is otherwise entitled. 11 U.S.C. § 522(f).[4] The transcripts of judgment described above constitute judicial liens subject to avoidance under 11 U.S.C. § 522(f).[5] The IRS Tax Lien and the State Tax Liens are statutory

---

[4] That section provides, in relevant part:
    Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
        (A) a judicial lien . . .
11 U.S.C. § 522(f)(1)(A).

[5] *See* 11 U.S.C. § 101(36) ("The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."); *In re Gregory Rockhouse Ranch,* 380 B.R. 258, 262 (Bankr.D.N.M. 2007)(stating that "[t]ranscripts of judgment are the type of judicial lien that is avoidable under 11 U.S.C. § 522(f).")(citation omitted).

3

liens; they are not judicial liens.[6]  "Only judicial liens are subject to avoidance under 11 U.S.C. § 522(f)(1)(A)."[7]

Whether a judicial lien impairs a debtor's exemption is determined in accordance with the formula found in 11 U.S.C. § 522(f)(2)(A).  That section provides:

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
> 
>     (i)    the lien;
>     (ii)    all other liens on the property; and
>     (iii)    the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

When there are multiple liens encumbering a debtor's interest in real property, applying this simple formula can become complicated.[8]  Some bankruptcy courts are divided as to whether the state law priority of liens must be maintained in determining impairment under 11 U.S.C. § 522(f)(2)(A).[9]  It is not necessary to decide that issue here.  The recording date of the IRS Tax Lien, which is not subject to avoidance under 11 U.S.C. § 522(f), pre-dates the recording date of

---

[6] *See In re Schick,* 418 F.3d 321, 324 (3rd Cir. 2005)(acknowledging that the legislative history indicates that tax liens are types of statutory liens).  *See also, In re Green,* 12 B.R. 594, (Bankr.D.N.M. 1991)(stating that "tax liens are unaffected by § 522(f) of the Bankruptcy Code.").

[7] *In re Strother,* 328 B.R. 818, 820 (10th Cir. BAP 2005).

[8] *See* 11 U.S.C. § 522(f)(2)(B) ("In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.").

[9] *Compare In re Shafner,* 165 B.R. 660 (Bankr.D.Colo. 1994), *aff'd on other grounds,* 82 F.3d 426 (10th Cir. 1996)(Table)(finding that when judicial liens are "sandwiched" between consensual liens and statutory liens, the court must preserve the state law order of priority, without regard to whether the liens are avoidable) *with In re Trahan,* 337 B.R. 448 (Bankr.D.Conn. 2006)(applying lien avoidance formula literally to include non-avoidable statutory liens, even though it may upset state law priority).  The Tenth Circuit has not decided this issue.  However, all Circuit courts that have considered this issue have determined that 11 U.S.C. § 522(f) must be applied literally, without regard to state law priorities.  *See, In re Kolich,* 328 F.3d 406 (8th Cir. 2003)(holding that 522(f)(1)(A) disrupts state law lien priorities so that the computation of lien impairment which directs the court to add "all other liens" requires the court to include consensual mortgage liens that are junior to the judicial lien at issue); *In re Brinley,* 403 F.3d 415 (6th Cir. 2005)(same); *In re Taras,* 131 FedAppx. 167 (11th Cir. 2005)(junior tax lien properly included in calculating impairment under § 522(f)).

4

any of the transcripts of judgment the Debtors seek to avoid. This statutory lien must be included in the impairment calculation under 11 U.S.C. § 522(f)(2)(A).[10]

Under the facts presented here, the value of Lot 2 absent any liens is $30,000.00, which is much less than the first priority, non-avoidable IRS Tax Lien that encumbers the lot. Further, the value of all property encumbered by the IRS Tax Lien is less than the debt the lien secures. Consequently, all of the transcripts of judgment at issue impair the Debtors' claimed exemption in Lot 2 and are avoidable in their entirety. As to Lot 1, application of the formula yields a similar result: the sum of the first priority consensual mortgage lien and second priority IRS Tax Lien far exceed the value of the property in the absence of any liens.[11]

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Void Liens is GRANTED. The objections of Choice Steel and NEAF to the Motion to Void Liens are overruled. The judicial liens held by Karen C. Macey, Choice Steel, Atlantic Credit and Finance, Inc., and New Mexico Educational Assistance Foundation are avoided in accordance with 11 U.S.C. § 522(f).

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert H. Jacobvitz
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT H. JACOBVITZ
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Date entered on docket: October 28, 2009

---

[10] *See Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth),* 225 B.R. 913, 920 (Bankr.N.D.Ill. 1998)(first priority tax liens must be included in the lien avoidance calculation under § 522(f).). *See also, In re Newell,* 311 B.R. 268, 271 (Bankr.D.Colo. 2004)(acknowledging that, under *Kolich,* "the state law priorities of the various liens have no impact on whether they can be avoided. The only critical factors are the total amount of all liens on the property, the amount of the exemption and the value of the property, all as of the date of filing of the bankruptcy case.").

[11] $125,961.00 (Balance of Mortgage against Lot 1) + $142,602.51 (IRS Tax Lien) = $268,563.51
$268,563.51 ≥ $150,000 (Value of Lot 1).

COPY TO:

Louis Puccini, Jr.
Attorney for Debtors
PO Box 50700
Albuquerque, NM 87181-0700

Reginald J Storment
Attorney for New Mexico Educational Assistance Foundation
Attn: Bankruptcy Dept
PO Box 93970
Albuquerque, NM 87199-3970

Choice Steel Company
Attn: Officer or Managing Agent
PO Box 90294
Albuquerque, NM 87194

Karen Box aka Karen Macy
PO Box 26124
Albuquerque, NM 87125

Atlantic Credit & Finance Inc.
2727 Franklin Rd. SW
Roanoke, VA 24014

6

Case 09-11942-j7    Doc 44    Filed 10/28/09    Entered 10/28/09 15:58:02 Page 6 of 6